## CIRCUIT COURT OF HIGHLAND COUNTY

Allen W. Stuart

    v.

B. R. Wilkerson et al.

May 3, 1985

By JUDGE DUNCAN M. BYRD, JR.

This matter comes before the Court upon exceptions to the Report of the Commissioner in Chancery. The primary issue is whether or not the complainant has acquired title by adverse possession to a certain tract of land against defendants, his co-tenants. The Court will not recite the facts.

The findings of the Commissioner, while not entitled to the weight of a jury verdict are entitled to great weight and should not be arbitrarily disturbed, Code of Virginia, 1950, as amended, § 8.01-610.

Both the complainant and the defendant have filed exceptions. The Court is of the opinion that while the Commissioner has made some minor errors in his findings that his conclusions should be sustained.

*Exceptions of Complainant* - The complainant's first exception should be sustained to the extent that the Commissioner found that the defendants are the sole heirs of Mary Ethel Donohoe since there is no evidence that the defendants are related to or are in any way descendants of Mary Ethel Donohoe. However, there is no evidence that all proper parties are not before the Court.

The complainant's exception # 2 and # 3 should be overruled. As both parties have accurately stated in their Memoranda, there exists a difficult burden of

proof necessary to sustain a claim of adverse possession of wild, uncultivated land. Our Supreme Court of Virginia has addressed this issue numerous times and has consistently followed the following principal:

> [W]ild and uncultivated lands cannot be made the subject of adversary possession while they remain completely in a state of nature. A change in their condition to some extent is therefore essential . . . . Without such change . . . there can be . . . no use or enjoyment. . . . Nor is there any reason for relaxing the rules of law on this subject in behalf of the adversary claimant of [wild and uncultivated] property. *Taylor's Devisees* v. *Burnsides*, 1 Gratt. (42 Va.) 165, 198 (1844).

The burden of proof would be equal if not more difficult to sustain a claim of abandonment. Suffice it to say that the Court is of the opinion that the complainant has failed to satisfy his burden of proof both as to his claim of adverse possession and abandonment. For this reason, exceptions # 2 and # 3 should be overruled and the findings of the Commissioner sustained.

*Exceptions of the Defendants* - The Court is of the opinion that any error suggested by exceptions # 1 through # 4 would be harmless in the event that they were sustained; therefore, they are overruled and the Commissioner's findings are sustained.

In exception # 5, the defendant objects to the Commissioner's failure to recommend that certain costs be taxed to the complainant. Since this was not a matter specifically referred to the Commissioner for a recommendation and since the issue of costs is addressed to the sound discretion of the Court, the Court finds no error in the Commissioner's failure to recommend how the costs of this proceeding should be assessed. For this reason, defendants' exception # 5 should be overruled.

Mr. Ludwig is directed to prepare a Final Decree consistent with this opinion dismissing the Bill of Complaint with prejudice.